GARRETT TOOLE and WINIFRED TOOLE, his Wife, Respondents, *v.*
THE BOARD OF SUPERVISORS OF ONEIDA COUNTY, Appellant.

*Property bought with pension money — it cannot be sold for the non-payment of taxes
— certificate of tax sale presumed — assessment upon property held by a husband and
wife — " a safe although modest maintenance" only exempt — record received in
support of a judgment.*

Where pension moneys are directly traceable into a purchase of property neces-
sary or convenient for the support of the pensioner or his family, such prop-
erty is exempt from taxation.

Section 1393 of the Code of Civil Procedure, relating to exemptions to pensioners,
makes no distinction between a levy and sale by virtue of an execution and a
sale for the non-payment of taxes.

Where a pensioner brings an action to set aside a sale, for the non-payment of
taxes, of property bought with pension moneys, but fails to show that a cer-
tificate of sale was issued by the county treasurer, the court will presume, in a
case where the answer alleges that "thereafter said county treasurer duly
advertised and sold the same to the defendant as provided by law," that the
county treasurer performed the duty devolved upon him by statute, and issued
the certificate.

*Semble,* that the wife of a pensioner who is a tenant by the entirety of real prop-
erty purchased with pension moneys may be assessed for taxes thereon; but
where the tax was assessed in the name of the husband (he being an "occu-
pant") upon the property as a whole, and the advertisement of sale was in the
same form, and the sale was apparently of the entire estate in the property, it
was held that the sale would not be regarded as of her interest therein only.

*Semble,* that where property bought with pension moneys so increases in value as
to be far beyond the needs of the pensioner and his family for a "safe although
modest maintenance," the entire property will not continue to be exempt,
even if occupied by the pensioner and his family, but only such proportion of
it as is necessary to such maintenance.

Upon the hearing of an appeal from a judgment a record may be produced in
support of the judgment, and the court may, if it deems it necessary, direct it
to be filed with the record.

APPEAL by the defendant, The Board of Supervisors of Oneida
County, from a judgment of the Supreme Court, in favor of the
plaintiffs, entered in the office of the clerk of the county of Oneida
on the 22d day of January, 1896, upon the decision of the court
rendered after a trial at the Oneida Special Term.

This action was brought to set aside an assessment, taxation,
advertisement and sale of certain real property, and to obtain the

cancellation thereof, on the ground that the property was purchased with money paid to the plaintiff Garrett Toole for a pension from the United States government.

*George C. Morehouse,* for the appellant.

*George C. Carter,* for the respondents.

PER CURIAM:

The appellant takes the point that because a certificate of sale was not shown to have been issued to the defendant, the action cannot be maintained. It is alleged in the answer: "And thereafter said county treasurer duly advertised and sold the same to the defendant as provided by law." Tax sales in the county of Oneida are regulated by chapter 91 of the Laws of 1880, the 7th section of which provides that the county treasurer, within forty-eight hours after the sale, shall give to the purchaser a certificate describing the real estate purchased. The presumption is that the county treasurer did his duty and issued the certificate. A record may be produced on the hearing on an appeal from a judgment to sustain the judgment, and were it important the court might permit it to be filed as part of the case.

The judgment should be affirmed, with costs, on the opinion of Mr. Justice VANN, reported in 16 Misc. Rep. 653.

All concurred.

Judgment affirmed, with costs.

The following is the opinion of Mr. Justice VANN:

VANN, J.:

Both the National and State Legislatures have been careful to protect soldiers in the enjoyment, not only of their pension money, but also of such property bought with pension money as can be clearly and definitely traced to that source. The Federal statute upon the subject is as follows: "No sum of money due or to become due to any pensioner shall be liable to attachment, levy or seizure by or under any legal or equitable process whatever, whether the same remains with the pension office or any officer or agent thereof, or is in course of transmission to the pensioner entitled thereto, but shall

inure wholly to the benefit of such pensioner." (U. S. R. S. § 4747.) The statute of this State applicable to the subject is part of the Code of Civil Procedure, occurring under the title of " Property exempt from levy and sale," and is as follows : " The pay and bounty of a non-commissioned officer, musician, or private, in the military or naval service of the United States or the State of New York; a land warrant, pension or other reward, heretofore or hereafter granted by the United States, or by a State, for military or naval services; a sword, horse, medal, emblem, or device of any kind, presented as a testimonial for services rendered in the military or naval service of the United States or a State ; and the uniform, arms and equipments which were used by a person in that service, are also exempt from levy and sale, by virtue of an execution and from seizure for non-payment of taxes, or in any other legal proceeding." (Code Civ. Proc. § 1393.)

This section received careful consideration in *Yates County National Bank* v. *Carpenter* (119 N. Y. 550) where it was held by the Court of Appeals, all the judges concurring, that when the receipts of a pension can be directly traced to the purchase of property necessary or convenient for the support and maintenance of the pensioner and his family, such property is exempt from levy and sale on execution. In discussing the case Chief Judge RUGER used the following language : " The plain purpose of the act was to promote the comfort of the soldier, to secure to him the bounty of the government, free from the claim of creditors, and to insure him and his family a safe, although modest maintenance so long as their needs required it. * * * We entertain no doubt that where the receipts from a pension can be directly traced to the purchase of property necessary or convenient for the support and maintenance of the pensioner and his family, such property is exempt under the provisions of this statute. Where such moneys can be clearly identified and are used in the purchase of necessary articles, or are loaned or invested for purpose of increase or safety, in such form as to secure their available use for the benefit of the pensioner in time of need, we do not doubt but that they come within the meaning of the statute ; but where they have been embarked in trade, commerce or speculation, and become mingled with other funds, so

as to be incapable of identification or separation, we do not doubt but that the pensioner loses the benefit of the statutory exemption."

As it appears that the pensioner in question has no property aside from his interest in this real estate and the monthly pension allowed him by the government, this case, and the language used in deciding it, seem applicable to the case in hand. The Statute of Exemptions makes no distinction between a levy and a sale by virtue of an execution, which was that case, and the non-payment of taxes, which is this case. Considering the object of the statute, no reason is apparent for a distinction, as the soldier might lose his home, which it was the object of the statute to secure to him, by a sale for the non-payment of taxes, the same as by a sale for the non-payment of debts. The Legislature, grateful to the soldiers who so faithfully served the country in its time of need, clearly intended to provide a comfortable support for such as had been wounded or had become disabled by disease in the discharge of their duties by allowing them the use of all pension moneys free from any claim for debt or taxes. A statute with such an object should be so construed as to carry that object into effect, and without further discussion it is, therefore, held that the section under consideration, as construed by the Court of Appeals with reference to exemption from sale under execution, applies with equal force to exemption from sale for non-payment of taxes.

The defendant, however, claims that the wife has an interest in the property in question, as tenant by the entirety, by virtue of the deed running to the plaintiffs jointly, and the authorities sustain this position. (*Bertles* v. *Nunan*, 92 N. Y. 152; *Zorntlein* v. *Bram*, 100 id. 12; *Hiles* v. *Fisher*, 144 id. 306.)

From this fact it is argued that the wife had an assessable interest in said land, which is probably correct. It is further argued that as real property may be assessed either to the owner or occupant, this property was properly assessed in the name of the husband, and that the assessment in question, if it is held that his interest was not assessable, should be regarded as applicable to her interest only. An assessment upon her interest only, however, should in some way describe and identify it as her exclusive interest, as otherwise it would mislead purchasers and place a cloud upon the title of the husband. This was not done in the assessment in question, which

is upon "all that piece or parcel of land," etc., and not upon any specific interest in it. The advertisement of sale was in the same form, and the sale was apparently of the entire land and all estate, title and interest therein. In form, at least, it included the interest of the husband only, for the name of the wife does not appear, nor is there any suggestion that any interest, except that of the husband, was assessed or offered for sale.

The defendant further claims that property bought with pension moneys does not continue to be exempt, even if occupied by the pensioner and his family, provided it so increases in value as to be far beyond the needs of his family for "a safe although modest maintenance." It may be that this position is correct, and that in a case where the property has largely increased in value, only a certain amount of the valuation would be exempt and the remainder taxable. But the argument based on this proposition, that as the assessors had jurisdiction it is to be presumed that their valuation of $400 was only for the excess properly assessable, owing to increase in value, I do not regard as sound under the circumstances of this case. Without reference to the question as to which party the burden of proof rested upon, I think the evidence fairly warrants the inference that there has been no substantial increase in value since the date of purchase, which was May 13, 1885. The consideration then paid was $1,100, and no substantial improvements have been since made. It is still occupied as a dwelling house and not for business purposes. The fact that there is a hen house on the premises, consisting of a house and lot in a city, is not without significance upon the point under consideration. No other point worthy of the expression of consideration has been made. No question was raised in the answer or made upon the trial as to misjoinder of parties plaintiff.

Upon the whole case I think the plaintiffs entitled to judgment canceling the assessment and vacating the sale, with costs.

Findings and a decree may be prepared accordingly, and, if not assented to as to form, settled before me upon a notice of two days.