(31 Misc. Rep. 540.)

### TYLER v. BALLARD.

(Supreme Court, Special Term, Broome County. May, 1900.)

1. Exemptions—Pension Money—Death of Pensioner—Property Purchased with Pension Money—Judgment—Lien.

Under Code Civ. Proc. § 1393, which exempts a pension from execution, except that real property purchased therewith shall be subject to seizure for taxes, a house and lot purchased in 1891 by decedent with pension money, and held by her until her death, in 1895, was not subject to execution after her decease to satisfy a judgment obtained against her in 1889, since the exemption of property purchased with pension money is absolute, and the judgment constituted no lien on such property.

2. Pension Money—Purchase of Property—Sale to Third Party—Exemption.

Under Code Civ. Proc. § 1251, providing that a judgment shall be a charge on the real property and chattels of the judgment debtor situated in the county where the judgment was obtained for 10 years after filing the judgment roll, and section 1393, declaring that property purchased with pension money shall be exempt from execution, except for taxes, where the decedent purchased property in 1891 with pension money, and immediately conveyed it to a third person, such property was not subject to sale under an execution issued in 1900 to satisfy a judgment obtained against decedent in 1889, as more than 10 years had elapsed since the recovery of the judgment.

Action by Lambert D. Tyler against Celestia A. Ballard. Application by an assignee of a judgment in favor of the plaintiff for leave to issue an execution on the judgment. Application denied.

Edward W. Hyatt, for assignee of judgment.

H. Austin Clark, for administrators, and for Antoinette Dimmick, heir of deceased defendant and owner.

LYON, J. Application of Ellis M. Santee for an order granting leave to issue an execution upon a judgment for $130.50, recovered in September, 1889, by plaintiff against defendant, in the supreme court of this state, and in that month duly docketed in Tioga county, and in December, 1897, assigned to the applicant.

The defendant above named acquired title to a house and lot of 1 acre of land, and to an adjoining lot of 22 acres of land, situate in Tioga county, in 1891. She immediately conveyed the 22-acre parcel to Antoinette Dimmick, but retained the title to the house and lot until the time of her death, which occurred in October, 1895. She died intestate, and administrators of her estate were appointed in 1896. No part of the judgment was ever paid, and no execution was ever issued thereon. It is conceded that both pieces of

real property were purchased wholly with pension moneys received by the defendant in or about the year 1889 as the widow of Gardner Ballard, who was a soldier in the Union army in the late Civil War. The applicant for the order, as assignee of the judgment, contends that the judgment became a lien upon both pieces of real property as soon as the title thereto vested in Celestia A. Ballard, the defendant, and that the judgment has ever since remained a lien, although not enforceable by a sale under execution during the lifetime of the pensioner. Manifestly, the order cannot be granted unless the judgment is a lien upon the real property. I think it is not 'a lien, and never was a lien. Section 1251 of the Code of Civil Procedure provides that, "except as otherwise specially prescribed by law, a judgment * * * binds, and is a charge upon, for ten years after filing the judgment roll, * * * the real property and chattels real in that county, which the judgment debtor has, at the time of so docketing it, or which he acquires at any time afterwards, and within the ten years." Section 1380 continues a lien created as prescribed in section 1251, existing at the decedent's death, for three years and six months after letters of administration have been duly granted upon the estate of the decedent. Hence, in case the judgment ever became a lien upon these two pieces of real estate, such lien existed at the time these proceedings were instituted as to the one-acre parcel owned by defendant at the time of her death.

Section 1393 provides that a pension hereafter granted by the United States for military services is exempt from levy and sale by virtue of an execution, except that real property purchased with the proceeds of a pension so granted, but owned by the pensioner, or by his wife or widow, is subject to seizure and sale for the collection of taxes or assessments lawfully levied thereon. I think the exemption provided by section 1393 is one of the exceptions referred to in section 1251. It seems to have been the 'intention of the legislature not only to exempt the pension certificate itself from the claims of creditors, but also the property purchased wholly with pension moneys. In Burgett v. Fancher, 35 Hun, 647, and Stockwell v. Bank, 36 Hun, 583, it was held that moneys received from a pension and deposited in the bank in the name of the pensioner were exempt, although the relations between the bank and the pensioner were those of debtor and creditor. In Bank v. Carpenter, 119 N. Y. 550, 23 N. E. 1108, 7 L. R. A. 557, the court held that, where the receipts from a pension can be directly traced to the purchase of property necessary or convenient for the support and maintenance of the pensioner and his family, such property is exempt. But the applicant contends that the exemption is simply "from levy and sale by virtue of an execution," and that the statute is satisfied by hold ing that the lien of the judgment attached to the real property of the pensioner, Celestia A. Ballard, and that the right to enforce such judgment by levy and sale was suspended during her lifetime only, and that upon her death, the real property having passed into the ownership of persons not entitled to protection as pensioners, the judgment might be enforced by a sale under an execution. If such be the proper construction of this statute, the lawmakers signally

failed in effectuating the purpose plainly intended. The effect of such construction would be practically to deprive the pensioner purchasing a home for himself and family of the benefit of his pension to the extent of the claims of creditors seeing fit to put their demands into judgment. While the judgment creditor might not be able to enforce the collection of his judgment for a period, the pensioner would not be able to transfer his real property except subject to the lien of the judgments, and the judgment creditors, rather than the pensioner, would obtain the benefit of the pension moneys. This result it was the plain design of the statute to avoid. The exemption from levy and sale was an absolute exemption of the pension moneys from any lien or claims of creditors, and it was the plain intention of the statute that property necessary for the support and maintenance of the pensioner, purchased with pension money, should be as exempt from the claims and liens of creditors as the money itself. Bank v. Carpenter, supra. The decision in Re Winans, 5 Dem. Sur. 138, cited by the applicant, simply holds that pension moneys of a deceased pensioner are liable for the debts of her estate, to be paid in due course of administration, and indicates that the applicant's remedy, if any, is by means of proceedings in surrogate's court. It may be added that, as to the 22-acre parcel, the judgment, having been obtained more than 10 years before the making of this application, could in no event be a lien upon the 22-acre parcel conveyed by Celestia Ballard to Antoinette Dimmick in 1891. The application must be denied, with costs.

Application denied, with costs.