(51 Misc. Rep. 481.)

In re STROHM.

(Supreme Court, Special Term, Erie County. October, 1906.)

1. EXEMPTIONS—PENSION MONEY.
    Under Code Civ. Proc. § 1393, providing that pension moneys are exempt from seizure in legal proceedings, such moneys are not subject to past claims for the support of the pensioner receiving them.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Exemptions, § 73.]

2. SAME—SUPPORT IN HOSPITAL.
    Under Code Civ. Proc. § 1393, providing that pension moneys are exempt from seizure in legal proceedings, the committee of an incompetent should be directed to pay the state hospital at which such person is supported a pension to apply on its current charges therefor, but not on arrears that existed at the time the first pension money was received by the committee.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Exemptions, §§ 90, 92, 93.]

In the matter of Margaret M. Strohm, an incompetent. Application on report of referee, for an order denying application of Buffalo State Hospital for an order directing the committee of incompetent to pay said hospital certain sum for support and maintenance. Report recommitted.

William F. Frye, for the motion.
Martin Clark, opposed.

POUND, J. The only property of the incompetent person, who has been an inmate of the Buffalo State Hospital since August 26, 1891, consists of the sum of $1,238.09, pension money, paid into the hands of her committee subsequent to October 21, 1902. Section 1393

of the Code of Civil Procedure provides that pension moneys are exempt from seizure in any legal proceeding. The claim for the support and maintenance of the incompetent person is a liability of said incompetent's estate to the state of New York. But the state allows to pensioners the use of all pension moneys free from any claim for debt. The purpose of the statute is to provide for the future support of those who have a claim upon the nation's bounty, without making their pension moneys subject to past claims for the support and maintenance of such pensioners; and it is the duty of the court to give effect to such purpose. Toole v. Board of Supervisors, 13 App. Div. 471, 37 N. Y. Supp. 9, 43 N. Y. Supp. 1160; St. Lawrence State Hospital v. Fowler, 15 Misc. Rep. 159, 37 N. Y. Supp. 12.

But it was the duty of the committee of the incompetent, without the express direction of the court at this time, to apply the regular quarterly pension payments as received to the support and maintenance of her ward. It cannot be reasonably maintained that the purpose of the exemption of pension moneys from seizure is to enable the committee of the pensioner to accumulate such moneys for the next of kin of such pensioner, leaving her a state charge as an indigent insane person, and relegating the state to a claim against the estate of such insane person after her death. By section 2321, Code of Civil Procedure, it is provided that the court must provide for the safe-keeping and maintenance of the incompetent person out of the proceeds of his property; and by section 66 of the insanity law it is provided that the committee of an insane person shall cause him to be properly and suitably cared for and maintained, if his estate is sufficient for the purpose. By the order appointing the committee herein, entered October 28, 1902, such committee is specifically directed to pay the Buffalo State Hospital for the support and maintenance of said incompetent person.

I am of the opinion that the state cannot compel the payment by the committee, out of the pension moneys, of charges for the support and maintenance of the incompetent which accrued prior to the date of the payment of the first pension moneys to the said committee, but that, after receiving such first payment, including arrearages, the committee should have paid the State Hospital the regular quarterly pension payments of $24 each as received by such committee, to be applied to the care and support of the incompetent from and after such date. As to such charges, the direction to the committee by the court, contained in the order appointing the committee, cannot be regarded as seizure in a legal proceeding, within the prohibition of section 1393, Code of Civil Procedure. It is a proper direction to the committee to provide for the maintenance of her ward.

Let the matter go back to the referee, for him to state the account in accordance with this opinion. Ordered accordingly.