(165 App. Div. 611)

### BENEDICT v. HIGGINS et al.

(Supreme Court, Appellate Division, Third Department.   January 6, 1915.)

1. EXEMPTIONS (§ 58*)—REALTY PURCHASED WITH PENSION MONEY.
    Code Civ. Proc. § 1393, declaring a pension granted by the United States exempt from levy and sale under execution, or in any other legal proceeding, extends to and includes real estate purchased with the pension money.

    .[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 80; Dec. Dig. § 58.*]

2. EXEMPTIONS (§ 148*)—ENFORCEMENT—SUFFICIENCY OF EVIDENCE.
    In an action to have certain real property sold under execution declared exempt from execution sale, under Code Civ. Proc. § 1393, because purchased with plaintiff's pension money, evidence held sufficient to support findings that it had been paid for entirely from pension money, and that its present value was $1,000, a sum not greater than the amount of the pension money which had been put into it.

    [Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 172–174; Dec. Dig. § 148.*]

3. EXEMPTIONS (§ 151*)—ENFORCEMENT—RELIEF—"LIEN."
    A judgment directing that the record of defendant's judgment against plaintiff be indorsed to the effect that it was not a lien upon such real property was proper, since a "lien" is a hold or claim by one upon the property of another as a security for some debt or charge, and since the defendant had no hold or claim, and could not enforce a judgment.

    [Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 179; Dec. Dig. § 151.*
    For other definitions, see Words and Phrases, First and Second Series, Lien.]

Appeal from Special Term, Delaware County.
Action by Matthew Benedict against Arthur C. Higgins and others. Judgment for plaintiff, and defendants appeal.   Affirmed.
Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herbert C. Kibbe, of Sidney (Edmund B. Jenks, of Whitney Point, of counsel), for appellants.

Sewell & France, of Sidney (H. B. Sewell, of Sidney, of counsel), for respondent.

HOWARD, J.  The plaintiff in this action is a veteran of the Civil War.  In 1903 he began to draw a pension.  On the 13th day of December, 1906, he entered into a contract for the purchase of the property in question, agreeing at that time to pay $10 a month, together with the interest, at the rate of 5 per cent., until the property should be paid for.  At the time this contract of sale was entered into, the plaintiff was drawing exactly $10 a month pension from the government. He paid down on the property, at the time the contract was made, $225.  The purchase price was $900.  On November 19, 1910, the plaintiff had finished paying for the property and received a deed of the premises.  At that time the total amount of pension money which he had received was $1,007.44.  The plaintiff swears that, at the time he purchased the property, he had kept all his pension money, which he had received prior to that time, entirely separate from his other money.  He went into possession of the property at the date of the contract of sale, and has continued in possession ever since.  The real estate in question consists of a village lot, with a dwelling and barn situate thereon, and the property is located at Sidney Center, N. Y. The plaintiff has paid the taxes on his property and has made certain small repairs from time to time.

Before he began to draw a pension a judgment was taken against him for the sum of $1,852.56.  After the property was all paid for, and the plaintiff received his deed, an execution was issued to the sheriff upon this judgment.  The sheriff sold the real property in question at public auction, and it was bid in by the judgment creditor for $2,000.  Previous to the sale, a written notice was served upon the sheriff by the plaintiff, forbidding him to sell the property, for the reason that it had been purchased with pension money, and was therefore exempt from levy and sale.  The judgment herein orders that the levy and sale be set aside, and that the certificate of sale be vacated and declared void, and it declares that the judgment against the plaintiff does not constitute a lien upon the property in question, and the county clerk is ordered to indorse upon the record of judgment these words:

"This judgment is not a lien upon the real property described in the complaint in this action."

From this judgment an appeal is taken by the judgment creditor.

[1] Section 1393 of the Code exempts from levy and sale by virtue of an execution the pension granted to this plaintiff.  The language of the section, so far as it is material, reads:

"The * * * pension or other reward heretofore or hereafter granted by the United States * * * for military or naval services * * * are also exempt from levy and sale, by virtue of an execution, and from seizure for nonpayment of taxes, or in any other legal proceeding."

This section of the Code has been many times construed to include real estate purchased with pension.  Yates County National Bank v.

Carpenter, 119 N. Y. 550, 23 N. E. 1108, 7 L. R. A. 557, 16 Am. St. Rep. 855; Toole v. Board of Supervisors, 13 App. Div. 471, 37 N. Y. Supp. 9, 43 N. Y. Supp. 1160.

[2] This proposition is not disputed by the defendants, but it is contended, first, that the evidence does not support the finding that the property in question was paid for entirely from pension money. We are, however, of the opinion that this finding is abundantly supported by the evidence. At the time the plaintiff made his final payment he had drawn exactly $1,007.44. The amount which he paid for the property, including interest, was $974.54. The plaintiff swears positively that every dollar of this purchase price and the interest was paid from this pension, and there is no attempt to dispute this positive declaration, well corroborated by the amount of pension which he had previously drawn, except certain little discrepancies twisted out of him on cross-examination. These are so insignificant that we do not deem it necessary to refer to them. The pensioner was 74 years old at the time of the trial. The cross-examination may have confused him a little. The courts should not refine in interpreting this statute, or indulge in mathematical niceties in construing it. The broad spirit of gratitude which prompted the enactment of this law should control the courts in enforcing it.

The defendant further contends that the value of the property at the time of the levy and sale was greater than the amount of the pension which had been put into it. An attempt was made to prove these facts by showing that the house had been somewhat improved by repairs and painting and otherwise. Of course it was the plaintiff's duty to keep his house and property in repair, and, unless additions or enlargements of such magnitude as to essentially and substantially increase the value of the property were made, this circumstance has no significance. The purchase price at the sheriff's sale is pointed to as an indication of the increased value of the property; but the judgment creditor himself bid in the property at the sheriff's sale, apparently without competition. Therefore this circumstance has no meaning. Two witnesses called by the defendant gave it as their opinion that the property was worth more than the amount of pension put into it; one witness placing the value at $1,600, and the other placing it at $1,800. But $900, the figure at which the property was sold to the plaintiff, seems to be a fair criterion. Considering all the evidence presented on the subject of value, the trial court was fully warranted in finding that the present value of the property is $1,000.

The defendant has argued at some length that, if pension money be mingled with other money to the extent that it cannot be determined how much pension money has been actually used to purchase the real estate in question, in such a case the pensioner loses his rights under section 1393 of the Code. There is no doubt that this is the law, but no such condition presents itself here. Seldom is there an instance where the pension moneys have been kept apart so distinctly and carefully from other moneys as in this case. The evidence presented on this subject is entirely convincing.

[3] The defendant further contends that, even if the judgment is to be upheld, the relief granted is too sweeping and broad, and that the

judgment appealed from should be modified, by striking out the direction to the county clerk to indorse upon the record of judgment against the plaintiff these words:

"This judgment is not a lien upon the real property described in the complaint in this action."

Is there any reason why such a modification should be made? Let us see. What is a lien? Bouvier's Law Dictionary defines a lien as follows:

"A hold or claim which one person has upon the property of another as a security for some debt or charge."

But the defendant has no hold or claim upon this property. He has a judgment against the plaintiff; but the only way he can get hold of this property under his judgment, or enforce any claim against it by virtue of his judgment, is by levy and sale. But this property is exempt from levy and sale by virtue of an execution; therefore the judgment cannot be enforced. This property cannot be molested by any "legal proceeding" known to the law. That was the intent of the Legislature; that is the spirit of the statute. Tyler v. Ballard, 31 Misc. Rep. 540, 65 N. Y. Supp. 557. This pension was given to the old soldier by the United States government exclusively for his benefit, and the state law secures it to him absolutely for his own use. The statute holds it back inflexibly from the clutch of sharpers and schemers and from the reach of creditors.

The judgment against the plaintiff is not, and never was, and never can be, a lien upon this real property of the plaintiff, paid for with pension money, so long as the plaintiff continues to own it. If it is not a lien, then it must not be permitted to stand on the records as a lien. No menace—false, misleading, meaningless, and useless—should be allowed to hang as a cloud over the house of this veteran. Standing as it does upon the record, it constitutes a cloud. It hampers the plaintiff in his right to sell his property, for it is likely to create a doubt in the minds of would-be purchasers. It is unlawful and invalid in every respect, and should be stricken from the records so far as it in any manner affects the real estate in question. A pensioner may invest his pension money wherever he pleases; he may put it into a bank, and may take it out again; he may put it into a farm, and take it out again; he may put it into a house and lot, and take it out again; he may buy stocks, mortgages, or other securities, and afterwards sell them; all this he may do with perfect impunity. He need not be alert to hide his pension from his creditors, for the law holds back their hands. The law looks with solicitude upon the veterans of our wars, and wherever the pension of these veterans may be, or in whatever shape it may be, the law makes it immune against seizure by anybody under any circumstances or by virtue of any process. This, of course, is on the condition that the pension be not so mixed with other moneys as to lose its identity.

The judgment should be affirmed, with costs. All concur.