In re FLANAGAN.
No. 19632.

District Court of the United States for the
District of Columbia.

Feb. 13, 1940.

H. Lee Boatwright, Jr., of Washington, D. C., for exceptant.

Lowry N. Coe, of Washington, D. C., for the committee.

Major Horace T. Jones, of Washington, D. C., for Veterans' Administration.

Stanley DeNeale, of Washington, D. C., for the District of Columbia.

LETTS, Associate Justice.

By his report herein on December 7, 1939, the auditor recommended the payment of alimony due Harriet Virginia Flanagan, divorced wife of the lunatic, for the months of January to August, 1939, inclusive. The hearing before the auditor was concluded on August 30, 1939. It is noted that the auditor made no recommendation with respect to alimony payments due and becoming payable after the date of such hearing.

The exceptant, the divorced wife, excepts to the report, she being advised that the failure of the auditor to make mention of such alimony payments as would thereafter fall due under the provisions of the decree is construed to be adverse to exceptant's claims on account of such alimony award. She now excepts to the report of the auditor to make certain that her right to the alimony payments falling due after the auditor's hearing may not be prejudiced. She therefore asks that the report be not approved if it be so construed as to deny exceptant's right to payment of instalments of alimony becoming due on September first, 1939, and on the first day of each month thereafter.

As presented to the court, it is the position of the committee for the lunatic that the auditor's report should be construed to deny exceptant's right to further payments under the award of the decree. It is shown by the committee for the lunatic that the funds available for the payment of alimony are limited to proceeds of disability compensation paid to and due his ward, and that such funds are exempt from exceptant's claim and demands under the act approved August 12, 1935, c. 510, § 3, 49 Stat. 609 (38 U.S.C.A. § 454a), which is in the following language:

"Sec. [§] 454a. Assignability and exempt status of payments of benefits.

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. Such provisions shall not attach to claims of the United States arising under such laws nor shall the exemption herein contained as to taxation extend to any property purchased in part or wholly out of such payments."

I am of opinion that the ruling of the United States Court of Appeals for the District of Columbia, decided February 5, 1940 in the case of Anna Katharine

Schlaefer, Appellant, v. Wallace Clayton Schlaefer and Prudential Insurance Company of America, a Corporation, Appellees, —— F.2d ——,[1] controls the decision in the instant case. In that case the question was squarely presented as to whether or not Sec. 16(a) of the Life Insurance Act for the District of Columbia, 48 Stat. 1175, D.C.Code (Supp. IV, 1938) tit. 5, § 220p, exempts the proceeds of a policy of disability insurance from the claims of a divorced wife for permanent alimony granted in the divorce decree. The statute there involved is as follows: "Exemption of disability insurance from execution.— No money or other benefit paid, provided, allowed, or agreed to be paid by any company on account of the disability from injury or sickness of any insured person shall be liable to execution, attachment, garnishment, or other process, or to be seized, taken, appropriated or applied by any legal or equitable process or operation of law, to pay any debt or liability of such insured person whether such debt or liability was incurred before or after the commencement of such disability, but the provisions of this section shall not affect the assignability of any such disability benefit otherwise assignable, nor shall this section apply to any money income disability benefit in an action to recover for necessaries contracted for after the commencement of the disability covered by the disability clause or contract allowing such money income benefit."

I think there can be no genuine distinction in principle between the case cited and the one at bar. I subscribe to the reasoning of that case and apply it to this. The judgment for alimony is not a debt in the ordinary sense. It is an obligation of a higher order. The purposes of the exemption statute in that case and the purpose of the exemptions in this were to protect not only the recipient of the benefits but to afford some degree of security to the family and dependents of such recipient. The enactment of these statutes had as their purpose, at least in part, to insure the public against the pauperism of the recipient of the benefits or that of his dependents. A divorced wife is a dependent no less in the status created by the divorce decree than in that fixed by the marriage bond. Congress did not intend to put such benefits beyond the reach of a divorced wife. The exemption affords security for the disabled veteran when his earning power is lost or impaired. It works a like protection of his dependents and lessens the prospect of his and their need for public care and support.

Primarily, this exceptant was entitled to support from the earnings of her husband; by the divorce decree the court, as a substitute therefor, has granted the award of alimony. It is not a debt but represents the judgment of the court as to the manner in which the husband shall be required to perform his marital and public duty. The statute does not relieve him.

The exceptions will be sustained.