In the Matter of BERTHA F. CERVANTES and DONALD M. CERVANTES, Infants.

Surrogate's Court, Westchester County, June 24, 1940.

*William A. Davidson, County Attorney* [*Umberto D'Alessandro* of counsel], for Ruth Taylor, as commissioner, etc., petitioner.

*James A. Clark*, for the Veterans' Administration.

*J. Lester Albertson*, special guardian.

MILLARD, S. This is an application by the commissioner of public welfare of Westchester county for an order directing the

general guardian of two infants to repay out of their funds certain moneys already expended by the county for the support and maintenance of said infants. Petitioner relies on the provisions of section 128 of the Public Welfare Law.

It appears from the petition that between May, 1937, and December, 1939, the department of public welfare of Westchester county paid over to Dorothy J. Cervantes, as general guardian, the aggregate sum of $1,439.41 for the support and maintenance of her two infant children. Thereafter, an investigation of the annual account filed by the general guardian in this county for the year ending November, 1939, disclosed the fact that there is on deposit in a savings bank the sum of $712.40 to the credit of each of these infants. Further investigation discloses that these bank accounts represent the accumulation of monthly payments of death compensation received from the United States Veterans' Administration, by reason of the death of the infants' father, who had served in the armed forces of the United States. The application is vigorously opposed by the United States Veterans' Administration and by the special guardian appointed by the court, both as to jurisdiction and upon the merits.

The last paragraph of section 128 of the Public Welfare Law provides as follows: " No right of action shall accrue by reason of the relief granted to an infant unless at the time such relief was granted the infant was possessed of money and property in excess of his reasonable requirements as described in section one hundred twenty-five of this act." No demonstration has been made in satisfaction of this statutory requirement other than the allegation of the existence of the bank accounts, which fact has not been denied. Even in the absence of other statutory prohibition, which will be hereafter considered, in my opinion this court does not have the power to grant the summary relief requested by the petitioner in this proceeding.

Section 454-a of title 38 of the United States Code provides as follows: " Payments of benefits due or to become due, shall not be assignable, and such payments made to or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

Section 667 of the Civil Practice Act contains the following provisions:

" § 667. Exemptions to members in military or naval service.. The pay and bounty of a non-commissioned officer, musician or

private in the military or naval service of the United States or the State of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a State, for military or naval services; a sword, horse, medal, emblem or device of any kind presented as a testimonial for services rendered in the military or naval service of the United States or a State; and the uniform, arms and equipments which were used by a person in that service, are also exempt from levy and sale by virtue of an execution, and from seizure in any legal proceeding."

The claim of a public welfare official to recover relief already advanced has been held not to be entitled to preferential treatment. (Opinion of Attorney-General [1932], 45 St. Dept. Rep. 459.) In other words, the status of this official in such case is that of a general creditor.

The legislative intent to safeguard pension moneys and to make them immune from the claims of creditors has been given full effect by the courts of this State. Since 1918 more stringent Federal statutes have been enacted which are designed to jealously guard the rights of dependents of deceased war veterans.

In *Yates County Nat. Bank* v. *Carpenter* (119 N.Y. 550) the court held (at p. 555): " Where such moneys [referring to pension moneys] can be clearly identified and are used in the purchase of necessary articles, or are loaned or invested for purposes of increase or safety, in such form as to secure their available use for the benefit of the pensioner in time of need, we do not doubt but that they come within the meaning of the statute." *Stockwell* v. *Bank of Malone* (36 Hun, 583) is to the same effect.

In *Surace* v. *Danna* (248 N. Y. 18) the late Judge CARDOZO, in referring to the decision in *Yates County Nat. Bank* v. *Carpenter*, stated (at p. 24): " In these circumstances, our decision in *Yates County National Bank* v. *Carpenter* (119 N. Y. 550) supplies the applicable rule. Code of Civil Procedure, section 1393 (now Civ. Prac. Act, § 667), exempts from execution a ' pension  *  *  * heretofore or hereafter granted by the United States  *  *  * for military  *  *  * services.' We were asked to limit this exemption to the pension or the pension moneys before payment by the government. We held that it protected moneys collected by the pensioner. We even extended the immunity to a dwelling house and lot in which the moneys were invested. ' It is quite obvious,' we said, ' that such an exemption can produce no beneficial effect, unless it is extended beyond the letter of the act, and given life and force, according to its evident spirit and meaning '  *  *  *."

In *Benedict* v. *Higgins* (165 App. Div. 611) the court stated, in reference to property purchased out of pension funds, as follows:

" But this property is exempt from levy and sale by virtue of an execution; therefore, the judgment cannot be enforced. This property cannot be molested by any ' legal proceeding ' known to the law. That was the intent of the Legislature; that is the spirit of the statute. (*Tyler* v. *Ballard*, 31 Misc. 540.) This pension was given to the old soldier by the United States government exclusively for his benefit, and the State law secures it to him, absolutely, for his own use. The statute holds it back inflexibly from the clutches of sharpers and schemers and from the reach of creditors."

Upon the authorities cited, therefore, the instant application is, in all respects, denied. My ruling is, however, without prejudice to any rights which the commissioner of public welfare may have against the general guardian individually.

Settle order accordingly.