In the Matter of the Estate of ROSA A. STEVENS, Deceased.

DEXTER P. MAYNARD, Judgment Creditor, Appellant; FRANK COOK and MAUDE BROWN, as Administrators, etc., of ROSA A. STEVENS, Deceased, Respondents.

Third Department, January 8, 1941.

*Ralph W. France* [*E. A. Kiley* of counsel], for the appellant.

*Joe Schapiro*, for the respondents.

CRAPSER, J. The matter was instituted by the administrators of the estate of Rosa A. Stevens by a petition filed with the Surrogate's Court of Madison County which among other things showed that Rosa A. Stevens at the time of her death resided in the town of Nelson, Madison county, N. Y., and that Dexter P. Maynard, the judgment creditor-appellant, was alleged to have a claim against

the estate of Rosa A. Stevens, the decedent above named, for the following sums, a judgment of $143.30 rendered August 26, 1935, a judgment of $150.93 rendered July 2, 1936, and an open bill for $54. The claims were for water rent alleged to have been due from the decedent to Dexter P. Maynard.

The petition also further stated: " It is your deponent's information that all of the property real and personal in the estate of Rosa A. Stevens originated and exists by virtue of moneys received through pension funds. That is, that the house left by said decedent was originally owned by decedent's deceased husband, Warren Stevens, who was a Civil War Veteran and said house was purchased with moneys received from the pension received by said Warren Stevens. That thereafter and during the life time of said decedent, Rosa A. Stevens, additional moneys were received from the Government by virtue of said pension and that the moneys now in the estate are said pension moneys."

The petition prayed for an order determining whether the said judgment and claim should be paid out of the assets of the estate. No answer was filed to the petition.

During the proceeding testimony was given showing that Warren Stevens died on November 28, 1920, and that he had no children and that he left only Rosa A. Stevens, his wife. There was introduced in evidence during the trial a certificate from the United States Bureau of Pensions showing that Warren Stevens was entitled to a pension at the rate of thirty-eight dollars a month to commence on September 25, 1918. There was another certificate dated October 12, 1901, showing that his claim for an increase of pension from eight dollars a month was rejected. A certificate was also introduced showing that Rosa Stevens, widow of Warren Stevens, was entitled to a pension at the rate of thirty dollars a. month to commence on December 13, 1920. There was introduced an assessment roll for the town of Nelson for the year 1914 showing a house and lot in said town assessed to Warren Stevens. The amount of the assessment was $700 and under the title " Pension Exemptions " it shows $700.

The foregoing constituted the evidence given by the petitioners in favor of the allegations of the petition. On that evidence the surrogate rendered a decree that the judgment of $143.30 dated August 26, 1935, and the judgment of $150.93 dated July 2, 1936, are not liens against the real property owned by the decedent Rosa A. Stevens and finding further that the assets of the said estate constituted pension funds and that the said judgments and claim of D. P. Maynard are not payable from said funds and further that said judgments are only a lien against the said real

property in the event that the real property has a valuation in excess of $1,000.

No evidence was given as to when or from whom Warren Stevens purchased the real estate in question or how it was paid for or how much was paid for it. There is no proof in the record of whether Warren Stevens left a will or whether he died intestate.

The surrogate had jurisdiction under section 40 of the Surrogate's Court Act to determine all questions, legal and equitable, between the estate and any person having any connection with the estate.

Subdivision 5 of section 4 of article I of the Tax Law, in effect in 1914, and substantially the same law as now in effect, provides that a verified application for the exemption of such real property purchased with pension money may be presented to the assessors, which application must show the facts on which the exemption is claimed, including the amount of pension money used in or toward the purchase of such property. No such application was produced or shown to have ever existed nor was it shown when such exemption was first placed on the assessment roll of the town of Nelson.

The entries above required shall be made and continued in each assessment of the property so long as it is exempt from taxation for any purpose.

Section 667 of the Civil Practice Act is as follows:

" Exemptions to members in military or naval service. The pay and bounty of a non-commissioned officer, musician or private in the military or naval service of the United States or the State of New York; a land warrant, pension or other reward heretofore or hereafter granted by the United States, or by a State, for military or naval services; a sword, horse, medal, emblem or device of any kind presented as a testimonial for services rendered in the military or naval service of the United States or a State; and the uniform, arms and equipments which were used by a person in that service, are also exempt from levy and sale by virtue of an execution, and from seizure in any legal proceeding."

This section has been many times construed to include real estate purchased with a pension. (*Yates County National Bank* v. *Carpenter*, 119 N. Y. 550; *Toole* v. *Board of Supervisors*, 13 App. Div. 471; *Benedict* v. *Higgins*, 165 id. 611.)

A pension is given to a soldier by the United States government exclusively for his own benefit. (*Benedict* v. *Higgins, supra.*)

The provisions of the Civil Practice Act exempting pension money from liability for debts does not render real estate purchased with such money exempt from payments of the pensioner's debts after his death. (*Matter of Liddle*, 35 Misc. 173.)

In the case of *Beecher* v. *Barber* (6 Dem. 129) the surrogate of Chenango county held that on a final judicial settlement pension money in the hands of an executor was assets and liable for decedent's debts.

" Exemptions of property from levy and sale by virtue of an execution do not run with the property exempted, and are not incidents thereof, but are personal favors to the person exempted. \* \* \* That it was not the intention of the Legislature to extend the exemptions of property purchased by pension money beyond the life of the pensioner is reasonably certain from the fact that it is not so stated in the statute and for the further reason that no provision is made for protecting a *bona fide* purchaser of the property from a stale claim of such exemptions as in the case now under consideration. \* \* \* If it is the intention of the Legislature to extend exemptions of real property purchased with pension money beyond the death of the pensioner, it should be so expressly stated, and provision should be made for giving notice thereof." (*Smith* v. *Blood*, 106 App. Div. 317.)

Pension moneys of a deceased pensioner are liable for the debts of her estate to be paid in due course of administration. (*Matter of Winans*, 5 Dem. 138.)

It seems clear from the foregoing authority that the judgment creditor-appellant is entitled to pay for his claims when properly proven out of the assets of the said estate.

The decree appealed from herein is reversed on the law and the facts, with costs, and the matter is remitted to the Surrogate's Court of Madison County to enter a decree in accordance with the provisions of this opinion.

HILL, P. J., BLISS, SCHENCK and FOSTER, JJ., concur.

Decree reversed on the law and facts, with costs, and the matter remitted to the Surrogate's Court of Madison County to enter a decree in accordance with the provisions of opinion.