In the Matter of EDWARD J. SIMPSON, an Incompetent Person. WALTER SIMPSON, as Substituted Committee.

Supreme Court, Westchester County, November 5, 1943.

*Frank J. Hand* for substituted committee.

*Nathaniel L. Goldstein, Attorney-General,* for Hudson River State Hospital.

HINKLEY, J. Application by State Attorney-General to require the substituted committee of the above-named incompetent person to pay money to Hudson River State Hospital out of the incompetent's estate.

Incompetent is a World War veteran. Evidently the intent of Congress was to give to each disabled World War veteran hospitalization (U. S. Code, tit. 38, §§ 434, 473, 478, 479, 480, 706). In addition, each veteran whose disability results from injury while in service is entitled to compensation (§ 479).

This proceeding attempts to charge against the veteran's accumulated compensation the lump sum 'of $575 for past hospitalization furnished by the Hudson River State Hospital. Petitioner claims that sum as a fair charge for care and maintenance of the incompetent while so confined in the hospital. The Veterans' Administration by letter indicated that it did not intend to appear upon the hearing of the application. There is no dispute but that the amount requested is a fair and reasonable sum for the hospitalization of the incompetent by the State of New York.

Upon that state of facts there is no authority vested in the court to grant the application. In the event that there is not sufficient adequate room in the Federal governmental institutions for the hospitalization of all the disabled veterans of the World War, the Government may contract with State, municipal and private hospitals to care for such surplus (§ 434). In the absence of such increased hospital facilities the statute makes further provision for the care of such surplus. Section

480 of title 38 of the United States Code provides that all or any part of the compensation of any mentally incompetent inmate of an institution may, in the discretion of the Administrator of Veterans' Affairs, be paid to the chief officer of said institution to be properly accounted for and to be used for the benefit of such inmate.

The attitude of the Veterans' Administration that it makes no objection to the payment out of the veteran's compensation is surely not a compliance with the statute. Nor does it authorize the substituted committee to pay even the current charge for hospitalization, to say nothing of authorizing such committee to pay moneys from the accumulated compensation of the incompetent for past hospitalization.

The suggestion is made that if the incompetent were hospitalized by the Veterans' Administration there would be no charge and the incompetent would receive such hospitalization in addition to his full compensation. There is the further suggestion that this unfortunate incompetent was transferred from the Veterans' Hospital, Kingsbridge, New York City, to a State institution because of lack of beds in the veterans' hospital. If this be true, then in the exercise of a just discretion upon the part of the Veterans' Administration the situation can be remedied. For there can be no intent upon the part of the Federal Government to discriminate against this unfortunate. The matter is serious in that the entire estate of the incompetent consists of his compensation and should be fairly and justly conserved against the time when he may be adjudged sane. There is a tragic current obligation upon the part of the Federal Government to accord equal, just and humane treatment toward disabled veterans of the World War in order that those who are today offering their bodies in defense of their country may have renewed faith in a government which in most cases not only demands but requires such sacrifice.

The court is not unmindful of the decision of the Appellate Division in *Matter of Citizens Trust Company* (227 App. Div. 839). Examination of the case and points in that case reveals that the question therein decided was that compensation in the estate of the incompetent was not immune against a claim by the State for care and treatment, which is not in conflict with this decision.

Motion denied, with the recommendation to the Veterans' Administration to provide room for this incompetent in one of its controlled hospitals, or, if no room is available, then to pay in the future out of the current compensation of such incompe-

tent such a weekly or monthly sum as will grant to this incompetent equal treatment with those more fortunate than he who are being cared for in veterans' hospitals. In this way alone can the Administrator of Veterans' Affairs fulfill, subject to the general direction of the President, the responsibility placed upon him by section 434 of title 38 of the United States Code. Settle order on notice.