In the Matter of EDWARD J. SIMPSON, an Incompetent Person. WALTER SIMPSON, as Substituted Committee, Respondent; WIRT C. GROOM, as Acting Superintendent of Hudson River State Hospital, Appellant.— The incompetent person is a disabled veteran of World War I. On May 18, 1934, by order of the Westchester County Court, he was committed to the Hudson River State Hospital, where he is still a patient. On November 23, 1935, a committee of the property of the incompetent was appointed by order of the Supreme Court, which, inter alia, directed the committee to pay to the State of New York such sums as might become due thereafter for the incompetent's support and maintenance. On May 18, 1942, respondent was appointed and qualified as a substituted committee. No payment was made to the State for the care and maintenance of the incompetent in the State hospital. On or about September 1, 1943, the Commissioner of Mental Hygiene, acting

under the authority of section 24-a of the Mental Hygiene Law, fixed the rate for the care and maintenance of the incompetent at the hospital at $575 for the period commencing November 23, 1935, the date of the appointment of the original committee, and ending August 31, 1943. A bill for this amount was sent to respondent, as substituted committee, who at that time had in his possession $1,100, representing exclusively the accumulation of disability payments at the rate of $15 a month, received by the incompetent from the Federal Government under the World War Veterans' Act, 1924. (U. S. Code, tit. 38, § 421 *et seq.*) The incompetent is still receiving these monthly benefits of $15. Upon respondent's refusal to pay the bill, petitioner instituted the instant proceeding for an order directing respondent to pay out of the incompetent's estate the sum of $575 to the Hudson River State Hospital. It is not disputed that the charge is reasonable. Although notice of the application was given to the Veterans' Administration, it did not oppose the application, which was denied. Petitioner appeals. Order reversed on the law, without costs, and the application granted, without costs. Section 24-a of the Mental Hygiene Law creates a statutory liability on the part of a committee to pay the reasonable cost of an incompetent's maintenance and treatment in a State institution when, as it appears in the instant case, he has funds in his possession with which to make the payment. Nor do section 454 of title 38 of the United State Code, and section 667 of the Civil Practice Act prevent the State from enforcing such a claim against funds received by the incompetent from the Federal Government under the World War Veterans' Act. (*Matter of Murphy,* 227 App. Div. 839.) Lewis, P. J., Johnston, Adel, Aldrich and Nolan, JJ., concur. [182 Misc. 821.]