In the Matter of WILLIAM NOVOTNY, an Incompetent.

Supreme Court, Special Term, New York County, October 2, 1947.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), for the Directors of Manhattan State Hospital, petitioners.

*Frank Klipper* and *Ernest M. Gutman* for Veterans' Administration, opposed.

NATHAN, J.. Motion is made by the Attorney-General of the State of New York on behalf of the directors of Manhattan

State Hospital for an order directing the committee of an incompetent to pay a bill of that hospital for the treatment, care and maintenance of the incompetent's mother, now deceased. The funds in the hands of the committee consist of cash and securities which are the proceeds, both principal and interest, of a Federal pension received by the incompetent, a veteran of the First World War.

Under sections 24 and 40 of the Mental Hygiene Law, children of the patient are liable for the treatment, care and maintenance of the parent, and the Attorney-General may maintain appropriate action to enforce the obligation, the State being deemed a preferred creditor in such action.

This application is opposed by the Veterans' Administration upon the ground that, irrespective of their present form, the funds in the hands of the committee are exempt from the claims of creditors under the provisions of section 454a of title 38 of the United States Code, and section 667 of the New York Civil Practice Act.

The exemption provided by Federal statute has been construed as not being extended to investments purchased with pension money (*Carrier* v. *Bryant,* 306 U. S. 545). The exemption provided by the State, however, has been construed to include such investments (*Yates County Nat. Bank* v. *Carpenter,* 119 N. Y. 550; and see *Surace* v. *Danna,* 248 N. Y. 18, 24).

Matters of exemption from execution and levy are as a general rule within the province of State legislation. The highest court of this State, considering the legislative purpose of the act, has defined the scope of the exemption provided for pensioners in this State as extending, during the life of the pensioner, to property purchased with pension moneys. Consequently, the objection on this motion to payment out of principal funds, whether cash or securities, must be sustained.

The decision in *Matter of Simpson* (270 App. Div. 902) does not make the pension moneys as such available for the payment of the obligation herein, since in that case the claim was for the care and maintenance of the veteran himself, and furthermore, the order appointing the committee there directed him to pay to the State of New York such sums as might become due thereafter for the incompetent's support and maintenance.

Since there is no exemption, either by Federal or State law, as to income received on pension funds, the committee may be directed to make payment on account of the bill out of income, current or accumulated, received by the incompetent on pension funds or the investment thereof. The motion is, therefore, granted only to the extent indicated. Settle order accordingly.