In the Matter of SANDRA WEINBERG and Another, Infants.

Surrogate's Court, Bronx County, February 4, 1952.

*Denis M. Hurley, Corporation Counsel* (*Philip Sokol* and *Emanuel Choper* of counsel), for Henry L. McCarthy, as Commissioner of Welfare of the City of New York, petitioner.

*Emmet F. Good* and *Frank Klipper* for Veterans' Administration.

Potts, S. This is an application by the commissioner of welfare of the City of New York for reimbursement out of two infants' estates for the expenses incurred for their maintenance and support from the date of their guardian's appointment, August 22, 1946, to June 30, 1951, in the sum of $3,841.79 for each infant. Application is also made for current payments from July 1, 1951, in each estate, at the rate of $77.87 per month, the present cost to the department of welfare of each infant's maintenance and support.

The two infants have been public charges since 1941, at which time they were of the ages of one and three respectively. They are presently under the supervision of a child care agency in foster homes.

The father of the infants died on December 26, 1944, while in military service and the mother as the guardian of the infants' property is presently receiving from the Veterans' Administration for their benefit, in the form of death pension and insurance payments for each child, the sum of $68.55 per month. Each infant has a fund of $5,452.57 representing accumulations of payments by the Veterans' Administration.

The mother of the infants is now remarried and neither she nor the stepfather of the infants is financially able to contribute toward the cost of their maintenance and support. The mother has refused to co-operate in making this application. No funds have been previously withdrawn.

It is conceded that this court has authority to direct payments out of these funds for the current maintenance and support of the infants and no one questions the reasonableness of the expenses incurred by the department of welfare but the Veterans' Administration requests the court to limit the current payments to $68.55 per month for each infant, the amount paid into the funds by them.

Section 667 of the Civil Practice Act provides in part that "a * * * pension * * * granted by the United States

\* \* \* for military \* \* \* services; \* \* \* [is] \* \* \* exempt from levy and sale by virtue of an execution, and from seizure in any legal proceeding.''

Section 454-a of title 38 of the United States Code provides in part as follows: '' Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.''

There can be no doubt that had application been made either by the guardian or by the commissioner of welfare at the times of need for the employment of the infants' funds for their maintenance and support, it would have been granted. Indeed, under the facts of this case, not to have done so would have constituted, in the opinion of this court, an abuse of discretion.

The question therefore is whether section 667 of the Civil Practice Act and section 454-a of title 38 of the United States Code constitute a bar to reimbursement.

The Veterans' Administration contends that with reference to past maintenance and support, the department of welfare is a creditor and that the above-mentioned statutes do constitute a bar.

Urged in support of this position are the following cases: *Matter of Cervantes* (174 Misc. 594 [Surrogate's Ct., Westchester Co.]); *Matter of Lancaster* (39 N. Y. S. 2d 561 [Supreme Ct., N. Y. Co.]); *Matter of Witten,* N. Y. L. J., Sept. 25, 1951, p. 621, col. 7 [Surrogate's Ct., Westchester Co.], and *Matter of Beddia* (201 Misc. 486 [Surrogate's Ct., Kings Co.]).

*Matter of Cervantes* (*supra*) is cited in each of the other cases as authority for the decisions therein. Accordingly it is necessary to discuss here only *Matter of Cervantes* and the authorities on which it relied, and cases holding to the contrary.

In that case the Commissioner of Public Welfare of Westchester County applied for an order directing the general guardian of two infants to repay out of their funds accumulated out of monthly payments of death compensation received from the United States Veterans' Administration by reason of the death of the infants' father, certain moneys already expended by the county for their support and maintenance.

The court held that the status of the petitioner therein was that of a general creditor and that section 667 of the Civil

Practice Act and section 454-a of title 38 of the United States Code prevented reimbursement. The court cited in support: *Yates Co. Nat. Bank* v. *Carpenter* (119 N. Y. 550); *Stockwell* v. *National Bank of Malone* (36 Hun 583); *Surace* v. *Danna* (248 N. Y. 18), and *Benedict* v. *Higgins* (165 App. Div. 611). Included in the quotation from the latter case was a reference to *Tyler* v. *Ballard* (31 Misc. 540).

All of those cases dealt with the rights of general creditors as against the veteran himself or, as in *Tyler* v. *Ballard,* against the veteran's widow. All of them dealt merely with the question of whether the exemption applied to property into which the pension funds were converted.

None of them dealt with the applicability of pension funds for the maintenance and support of an incompetent veteran or, as here, of an infant beneficiary, or the reimbursement to a city, county or State official for public funds spent for such purpose after the appointment of a committee or guardian.

It is to be noted that in the *Cervantes* case the court also based its decision on the lack of demonstration in satisfaction of the statutory requirement before recovery could be had, that the infant was possessed of money in excess of its reasonable requirements under section 128 of the Public Welfare Law.█ It is apparent, however, from a reading of the opinion therein, that the decision would not have been otherwise had an affirmative demonstration been made.

Authority contrary to the holding in *Matter of Cervantes* is to be found in two Appellate Division cases: *Matter of Murphy* (227 App. Div. 839) decided before 1929 but not mentioned in *Matter of Cervantes* and *Matter of Simpson* (270 App. Div. 902, appeal dismissed 296 N. Y. 831) decided in 1946 after *Matter of Cervantes,* and also in *Matter of Strohm* (51 Misc. 481 [Supreme Ct., Erie Co.]) wherein reimbursement was allowed for the cost of maintenance and support of incompetent veterans out of pension funds under section 24-a of the Mental Hygiene Law █ and section 66 of the Insanity Law (L. 1896, ch. 545) which was the controlling statute at the time of *Matter of Strohm.*

The court in the *Murphy* case stated that " claims reasonable in amount and based in good faith on the support and maintenance of the incompetent person after the appointment of the committee, may be deemed to be obligations incurred by the committee, even though there be no express agreement by the

committee in advance to pay them, and may, therefore, be paid out of the funds received from the government under the provisions of the World War Veterans Act." The court in the *Simpson* case specifically held that the statutes referred to above did not prevent the State from enforcing such a claim against funds received by the incompetent from the Federal Government. An examination of the briefs on appeal in this case discloses that the authorities relied upon in *Matter of Cervantes* were called to the attention of the court.

There appears to this court no real distinction between a claim for reimbursement out of pension funds, when presented by the Department of Mental Hygiene under section 24-a of the Mental Hygiene Law and the Department of Welfare under section 104 of the Social Welfare Law, especially in view of the fact that the pertinent provisions of each statute are alike in language and pattern (*Matter of Mangan*, 83 N. Y. S. 2d 393, 406). This court feels that the Appellate Division decisions referred to above are controlling in this case and that reimbursement is proper.

The Federal statute has been the subject of construction in other jurisdictions.

The highest court in Michigan supports the view that reimbursement is proper in the instant case (see *Matter of Lewis*, 287 Mich. 179, and *Auditor General* v. *Olezniczak*, 302 Mich. 336; see, also, *Hines* v. *McKenzie*, 216 Iowa 1388; *Matter of Gardner*, 220 Wisc. 493; *Pishue* v. *Pishue*, 32 Wn. 2d 750; *Matter of Ferarazza*, 219 Cal. 668; *Gaskins* v. *Security First Nat. Bank of Los Angeles*, 30 Cal. App. 2d 409, and *Matter of Flanagan*, 31 F. Supp. 402).

The purpose of the exemption statutes has been variously stated " to insure * * * [the veteran] and his family a safe, although modest maintenance, so long as their needs required it " (*Yates Co. Nat. Bank* v. *Carpenter, supra*, p. 555) ; " to protect not only the recipient of the benefits but to afford some degree of security to the family * * * [and] to insure the public against the pauperism of the recipient of the benefits or that of his dependents." (*Matter of Flanagan, supra*, p. 403) ; " to preserve the disabled soldier's fund against imposition on the part of designing people or depletion by the soldier's own improvidence, and thereby to afford and insure continued support of persons suffering because of their military service " (*Gaskins* v. *Security First Nat. Bank of Los Angeles, supra*, p. 417).

The department of welfare is asking no more than the guardian was, in duty and of necessity, obligated to provide by way of support, care and maintenance of the infants, which the pension was given to provide. Not to apply it for the purpose intended would constitute an unjust enrichment to the infants at the expense of the city. The department of welfare under humanitarian legislation has assumed the care and maintenance of the infants and under section 194 of the Surrogate's Court Act, the means and measures for reimbursement are provided. Under the circumstances it is not believed that Congress intended to consider the department of welfare in the class of barred creditors (cf. *Matter of Lewis,* 287 Mich. 179, 187, *supra*). As was stated in the *Lewis* case (p. 187): '' The exemption in the pension law serves its purpose in holding that in the hands of the guardian and under order of the court, of which the beneficiary is a ward, the money is not exempt from employment in reimbursing the State, under statutory provisions, for the expense of care and maintenance of the ward.''

The commissioner of welfare is entitled to be reimbursed out of each infant's estate in the sum of $3,841.79 for the period August 22, 1946, date of the guardian's appointment, to June 30, 1951, and to receive monthly payments of $77.87 for further care and maintenance for a period of one year commencing July 1, 1951.

Settle order.