Maximilian Moss, S.
The commissioner of welfare of the City of New York seeks reimbursement from the estate of an infant for moneys expended by his department for. the infant’s care and maintenance from October 2, 1950 to November 16, 1955. The material facts are not in dispute.
In Matter of Beddia (201 Misc. 486) this court had occasion to pass upon a similar application. In that case the commissioner of welfare sought to be reimbursed for past expenditures made in behalf of the care and maintenance of an infant. The Veterans’ Administration interposed objections to the application upon the ground that section 454a of title 38 of the United States Code and section 667 of the Civil Practice Act exempts funds derived from payment of veteran’s benefits from the “ claims of creditors.” The application was granted only to the extent of current and future expenditures. The decision of this court in the Beddia case made in 1951 will be limited to the facts in that case and will not be deemed controlling.
In Matter of Simpson (270 App. Div. 902) the court held that the Commissioner of Mental Hygiene was entitled to recover from the incompetent’s committee for past expenditures out of funds received by the incompetent under World War Veterans’ Act, 1924 (U. S. Code, tit. 38, § 421 et seq.). A comparison of section 24 of the Mental Hygiene Law and sections 101 and 104 of the Social Welfare Law reveals that they are similar insofar as a statutory liability is created on the part of a committee or a general guardian to pay the reasonable cost of his ward’s maintenance when it appears that he has funds in his possession with which to make such payment.
*340 The money received by the infant’s guardian from the Veterns’ Administration was intended for the care and maintenance of the infant herein. A guardian may be reimbursed out of the infant’s property for reasonable expenditures made for his support and education (Surrogate’s Ct. Act, §§ 40, 194). Such allowances may be made for past, current or future expenditures (Hyland v. Baxter, 98 N. Y. 610; Beardsley v. Hotchkiss, 96 N. Y. 201, 219; Matter of Lapides, 144 Misc. 19; Matter of Boulware, 144 Misc. 235). There appears to be no reason why petitioner should not have the same right to reimbursement as is afforded a general guardian.
Under the facts and circumstances herein the sum of $2,300 sought to be recovered by petitioner in reimbursement for moneys expended for the care and maintenance of the infant is fair and reasonable and the proposed compromise is approved. The general guardian is authorized to pay petitioner the said sum out of the infant’s funds. Settle order on notice.