■ In the Matter of JAMES R. DUMPSON, as Commissioner of Welfare of the City of New York, Respondent, v. JAMES J. WARD, as Guardian of the Property of JOHN L. WARD, an Infant, Appellant. In the Matter of JAMES R. DUMPSON, as Commissioner of Welfare of the City of New York, Respondent, v. JAMES J. WARD, as Guardian of the Property of MICHAEL P. WARD, an Infant, Appellant.— In two separate procedings by the Commissioner of Welfare of the City of New York against James J. Ward, as guardian of the property of the infant named in each proceeding, to obtain reimbursement for moneys previously expended by the city for the support of the infants and

to direct payment for their current and future public assistance, the guardian appeals from the order of the Surrogate's Court, Kings County, entered June 1, 1964 in each proceeding, which denied his motion to dismiss the petition and to stay the hearing before a Referee appointed by the Surrogate to hear and report. In each proceeding, order affirmed, without costs. The moneys sought to be reached were derived primarily from the United States Post Office Retirement Fund. The guardian contended that by virtue of a Federal statute (U. S. Code, tit. 5, § 2265, subd [a]), moneys so derived were immune from all creditors of the infant, including the Welfare Commissioner here. The exemption prescribed by the Federal statute (U. S. Code, tit. 5, § 2265, subd. [a]) renders such moneys received by a guardian of an infant immune from all legal process (including the present petitions of the Commissioner) for the payment of past care and maintenance furnished to the infant (*Matter of Cervantes,* 174 Misc. 594; cf. *Matter of Lewis,* 287 Mich. 179). Nevertheless, irrespective of such immunity for past support, the guardian is obligated to provide for the infant's *current* care and maintenance, if necessary; that is, out of the Federal moneys which are within the scope of the statute and which come to him on behalf of his ward, the guardian may be required to pay for the care and mainte-nance *thereafter* furnished to the ward. Accordingly, the guardian here is required, commensurately with the amount of such moneys, to pay for the care and maintenance furnished to the infants from the time of the service upon the guardian of the petitions of the Commissioner of Welfare for such payment or as may be otherwise required by the guardian's orders of appointment (*Matter of Simpson,* 270 App. Div. 902; *Matter of Beddia,* 201 Misc. 486). Assuming that here disposition should be made of the factual issues in accordance with the allegations of the petitions, the Commissioner of Welfare would be entitled to be reimbursed by the guardian only to the extent of the care and maintenance furnished to the infants after November 24, 1962 — the date of the service upon the guardian of the instant petitions — without regard to the subsequent delays, adjournments and motions of the guardian. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.