In the Matter of the Application of CITIZENS' TRUST COMPANY OF UTICA, N. Y., as Committee of the Property of JOHN A. MURPHY, Respondent, for Instructions in re the Payment of Certain Claims Presented to the Committee.

THE STATE OF NEW YORK, Appellant.

PER CURIAM. In our opinion claims reasonable in amount and based in good faith on the support and maintenance of the incompetent person after the appointment of the committee, may be deemed to be obligations incurred by the committee, even though there be no express agreement by the committee in advance to pay them, and may, therefore, be paid out of the funds received from the government under the provisions of the World War Veterans' Act.■ All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. Order modified so as to provide that the claims only so far as they arose out of services rendered to the incompetent or materials furnished to him before the appointment of the committee, are not subject to payment as in the order provided; and by striking out the last four paragraphs of the order; and by further determining that the committee may lawfully pay out of funds in his hands received under the terms of the World War Veterans' Act so much of the claims as arose out of services rendered or materials furnished to the incompetent in good faith for his support and maintenance since the date of the appointment of the committee, if reasonable in amount and when approved by the court and remitting the matter to the Special Term to pass upon the claims in these respects; and as so modified the order is affirmed, without costs of this appeal to any party.

NELLIE W. PFEFFER, as Administratrix, etc., of MILTON J. PFEFFER, Deceased, Respondent, v. BUFFALO GENERAL ELECTRIC COMPANY, Appellant.

PER CURIAM. The order should be reversed and the motion granted to the extent of requiring the particulars of plaintiff's claims specified in items numbered 2 to 11, both inclusive, and item 13 of the moving affidavit, so far as plaintiff intends to make such claims on the trial. If plaintiff does not intend to make such claims or is not now in possession of any knowledge or information upon which to base such claims, she can so state under oath. All concur. Present — Sears, P. J., Crouch, Taylor, Edgcomb and Thompson, JJ. Order reversed and motion granted in part, without costs of this appeal to either party.