In the Matter of EDWARD J. SIMPSON, an Incompetent Person.

Supreme Court, Special Term, Westchester County, November 10, 1945.

*Frank J. Hand* for Walter Simpson, as substituted committee.

*Nathaniel L. Goldstein, Attorney-General (Louis E. Cooper* of counsel), for Hudson River State Hospital.

SNEED, J. Application by the Hudson River State Hospital for an order directing the substituted committee of incompetent to pay from the incompetent's funds the sum of $85 for the incompetent's care, maintenance and medical treatment from September 1, 1943, to January 31, 1945.

The incompetent was committed by the Westchester County County Judge and duly admitted to the Hudson River State Hospital as a mentally sick person in 1934 and has since been and now is a patient in that State institution.

On November 23, 1935, a committee of the property of the incompetent was appointed by order of the Supreme Court. That order provided that the committee should pay to the State of New York such sums as might become due thereafter for the incompetent's support and maintenance by the State. On May 18, 1942, the present substituted committee was appointed in the place and stead of the committee so appointed and duly qualified.

The application is opposed by the substituted committee (a brother of the incompetent) upon the ground that under the World War Veterans' Act, 1924 (U. S. Code, tit. 38, § 421 *et seq.*), the Administrator of Veterans' Affairs is responsible for the incompetent's hospitalization. Under that act, it is true, the Administrator of Veterans' Affairs could contract with the State for hospital care and services in the event the hospital facilities furnished him are insufficient or inadequate; but there is no claim here that he has done so. Nor is there any claim that the substituted committee has petitioned him to do so in this instance.

It is obvious that without such a contract the petitioning institution could not look to the administrator for its recompense.

There is no claim that the charge is not moderate and entirely fair. The allotment of the incompetent paid to his committee is quite adequate to meet this charge and seems to have established some accumulation of funds in the hands of the substituted committee.

There appears to be no reason why this claim, concededly reasonable in amount, based upon the maintenance and hospital care of the incompetent since the appointment of the substituted committee, should not be deemed to be a reasonable and valid claim against the substituted committee to be paid from funds received for the incompetent under the World War Veterans' Act (*Matter of Citizens Trust Co.* [*Murphy*], 227 App. Div. 839). If the substituted committee finds his incompetent's allotment insufficient for all proper needs or desires the incompetent transferred to a hospital maintained under the act, his relief is by petition to the administrator. It is not proper that he should receive the incompetent's allotment and the State sustain the expense of maintenance and hospitalization without recompense.

The application will be granted. Settle order on notice.