## *In re* LEWIS' ESTATE.

1. STATUTES—TITLE—PURPOSE OF ACT.

The title to an enactment is required to be expressive of the purpose and scope of the enactment and if it comes fairly within and is reasonably a component part of the purpose expressed, the provision is not an interloper but a part of the enactment and so proper as to be expected therein.

2. SAME—TITLE—REVISING AND CONSOLIDATION ACT.

The title to a statute which revises and consolidates the laws of the State with reference to a particular subject cannot be expected to embody reference to every detail of the act.

3. SAME—PROVISIONS GERMANE TO PURPOSE EXPRESSED IN TITLE.

Provision of statute revising and consolidating "the laws organizing hospitals for the insane * * * and * * * to provide for their care" requiring reimbursement to the State of expenses of hospitalization from estates of patients having means is germane to the general object of the act and does not offend provision of the Constitution requiring that "no law shall embrace more than one object, which shall be expressed in its title" (Const. 1908, art. 5, § 21; Act No. 151, title and § 17, Pub. Acts 1923, as amended by Act No. 104, Pub. Acts 1937).

4. ATTORNEY GENERAL—INTERVENTION IN SUIT TO REIMBURSE STATE FOR HOSPITALIZATION OF INSANE PERSONS.

Contention that statute authorizing prosecuting attorney to institute proceedings for reimbursement to the State of expense of hospitalization of insane patients having means to pay therefor excludes action by the attorney general *held*, without merit where the statute itself does not carry any such exclusion and another statute provides that the attorney general may intervene at any stage of proceedings "when in his own judgment the interests of the State require it" (Comp. Laws 1929, §§ 176, 187, 6894).

5. Same—Common Law—Statutes.

 The attorney general has a wide range of powers at common law in addition to his statutory powers.

6. Insane Persons—Embezzlement by Guardian—Reimbursement to State—Laches.

 Embezzlement by former guardian of an insane person is no ground for holding State guilty of laches in proceeding to obtain reimbursement for expense of ward's care and maintenance and possibly leading to discovery of the embezzlement (2 Comp. Laws 1929, § 6894).

7. Same—Reimbursement to State for Care and Maintenance—Limitation of Actions.

 Proviso of section of six-year statute of limitations, excepting from its operation actions brought to recover for the State of the cost of maintenance, care and treatment of a person in a State institution, fixed the right of the State to have reimbursement for the six years preceding enactment of such proviso and thereafter (3 Comp. Laws 1929, § 13976).

8. Same—Reimbursement to State—Statutes—Rate.

 State's right to reimbursement for care and maintenance of insane persons is not defeated by fact that statute does not fix rate for reimbursement, as reimbursement must be reasonable in amount and need not be fixed by statute (2 Comp. Laws 1929, § 6894).

9. Same—Reimbursement to State for Care—Pensions—Exemptions.

 State, in proceeding to recover reimbursement for expense of care and maintenance of an insane patient whose whole estate consisted of monthly pension payments received by guardian from the United States government because she was the child of a military service veteran, is not barred by act of Congress exempting such benefits from taxation or execution either before or after receipt by the beneficiary as the ward was not only a ward of the probate court but also, upon hospitalization, a ward of the State and receiving what her guardian by virtue of the act was required to furnish her with the pension received (38 USCA, § 454a; 2 Comp. Laws 1929, § 6894).

Appeal from Kent; Verdier (Leonard D.), J. Submitted October 11, 1938. (Docket No. 77, Calendar No. 40,244.) Decided December 22, 1938.

In the matter of the estate of Mary T. Lewis, a
mentally diseased person. Petition by Raymond W.
Starr, Attorney General, on behalf of George T.
Gundry, Auditor General, for reimbursement to the
State of moneys expended for the care and main-
tenance of the ward. Petition denied. Plaintiff ap-
pealed to circuit court. From order made, plaintiff
appeals and defendant cross-appeals. Affirmed in
part and reversed in part.

*Raymond W. Starr,* Attorney General, and *Ed-
mund E. Shepherd* and *Joseph E. Arsulowicz,*
Assistants Attorney General, for plaintiff.

*F. Roland Allaben (Walter H. E. Scott,* Chief
Attorney, Veterans' Administration, of counsel), for
defendant.

WIEST, C. J. The attorney general, in behalf of
the auditor general, petitioned the probate court for
the county of Kent, in the matter of the estate of
Mary T. Lewis, a mentally diseased person, for
reimbursement to the State, as provided by statute,
hereinafter set forth, of the expense of her continu-
ous hospitalization from January 7, 1910, to Septem-
ber 14, 1937. The probate judge held that the claim
for reimbursement, prior to August 28, 1923, was
barred by the statute of limitations; the prosecuting
attorney and not the attorney general was the proper
officer to institute the proceeding, and the statute
under which the reimbursement was sought was
unconstitutional because the title thereof failed to
indicate such right or purpose, and denied relief.

The auditor general appealed to the circuit court
where it was held that the State was entitled to
reimbursement from January 27, 1934, when the
estate had funds with which to make payment, to

June 30, 1937, the date of the petition for reimbursement.

The auditor general appeals from the limited reimbursement, and the estate from the allowance made.

The statute under which petitioner, hereinafter termed plaintiff, seeks reimbursement is Act No. 151, Pub. Acts 1923, as last amended by Act No. 104, Pub. Acts 1937 (Stat. Ann. § 14.801 *et seq.*).

Does the enactment comply with article 5, § 21, of the Constitution of 1908, commanding that:

"No law shall embrace more than one object, which shall be expressed in its title?"

The title to the act reads:

"An act * * * to revise and consolidate the laws organizing hospitals for the insane, homes and schools for the feeble-minded and epileptic, institutions for the discovery and treatment of mental disorders; to regulate and provide for the care, management and use thereof; to provide for the licensing, visitation and supervision of privately owned hospitals, homes and institutions for the care and treatment of such mentally diseased persons; to provide for the apprehension of persons believed to be insane, feeble-minded or epileptic, and their commitment, to provide for their care, custody, parole and discharge, to provide penalties and to repeal certain acts or parts of acts contrary to the provisions hereof."

Does that title express the object embraced in section 17 of the act * reading:

"When such mentally diseased person has been admitted to any of the State institutions named in this act, as a patient, the prosecuting attorney of the

* 2 Comp. Laws 1929, § 6894 (Stat. Ann. § 14.817).—Reporter.

county in which the order for admission was made shall, if such person be possessed of any estate, or shall thereafter, while he shall remain such patient, become possessed thereof, petition the probate court of said county in his name as prosecuting attorney, * * * that said estate may be subjected to the payment to the State of the expenses paid and to be paid by it on behalf of said person as a patient?''

The title to an enactment is required to be expressive of the purpose and scope of the enactment. If the enactment comes fairly within and is reason-ably a component part of the purpose expressed in the title it is not an interloper but a part thereof and so proper as to be expected therein.

The enactment, here questioned, being a revision and consolidation of laws organizing hospitals, the language of Mr. Justice North, in *Regents of University of Michigan* v. *Pray,* 264 Mich. 693, is particularly applicable. We quote:

''Being a codification, the statute necessarily embodied various and somewhat diversified provisions of the drain law. * * * Title to a codification statute can scarcely be expected to embody reference to every detail of the act.''

Reimbursement of expenses of hospitalization by patients having means is germane to the general object of the act and we do not find that the enactment offends the mandate of the Constitution.

The contention that the terms of the statute, authorizing the prosecuting attorney to institute proceedings for reimbursement of the State, excludes action by the attorney general, is without merit.

The act does not carry any such exclusion and, if anything is to be read into it on that subject it is 1 Comp. Laws 1929, § 176 (Stat. Ann. § 3.181), and

1 Comp. Laws 1929, § 187 (Stat. Ann. § 3.211), which permit the attorney general to intervene at any stage of proceedings, "when in his own judgment the interests of the State require it."

While a distinction may be drawn between intervening in a proceeding and instituting a suit there is merger of purpose, by reason of public policy, when the interests of the State call for action by its chief law officer and there is no express legislative restriction to the contrary.

In *Mundy* v. *McDonald*, 216 Mich. 444, 450 (20 A. L. R. 398), we said of the office of attorney general:

"We must recognize the fact that the office of attorney general is ancient in its origin and history, and it is generally held by the States of the Union that the attorney general has a wide range of powers at common law. These are in addition to his statutory powers."

The act under consideration in authorizing the prosecuting attorney to petition the probate court does not in terms, implication or public purpose, exclude or curtail like action by the attorney general.

During the period from August 28, 1923, to January 27, 1934, the estate of the ward, but for the embezzlement by the former guardian, had means, by way of receipt of pension money, to reimburse the State amply for the expense of her care and maintenance.

The circuit judge was of the opinion that inaction by the State during the time the former guardian embezzled the funds constituted laches and barred recovery during that period. We cannot adopt that view, for we entertain the opinion that the embezzlement of the funds by the former guardian cannot be considered a ground for holding the State guilty

of laches in not earlier pressing the claim for reimbursement and possibly thereby leading to discovery of the embezzlement.

In reply to the defendant's plea of the statute of limitations the attorney general invokes retrospective application of the proviso, found in Act No. 183, Pub. Acts 1929 (3 Comp. Laws 1929, § 13976 [Stat. Ann. § 27.605]) (being the six-year statute of limitations of personal actions), reading:

"Provided further, That actions brought in the name of the people of this State, the State of Michigan, or any political subdivision thereof, or in the name of any officer or otherwise for the benefit of the State or any political subdivision thereof, for the recovery of the cost of maintenance, care and treatment of persons in hospitals, homes, schools and other State institutions, shall not be subject to the limitations of this section and may be brought at any time, without limitation, the provisions of any statute notwithstanding."

The mentioned proviso in the act of 1929, saving this and like claims for reimbursement from the operation of the general six-year statute of limitations, became effective August 28, 1929, and pegged the right of the State to have reimbursement for the preceding six years and thereafter.

Counsel for defendant stress the point that the statute does not fix the rate for reimbursement.

It is not necessary that the statute fix the rate. The reimbursement must be reasonable in amount and, in this instance, it is conceded that the amount claimed is reasonable.

Annexed to the brief of counsel for defendant is a brief by an attorney representing the veterans' administration, in which it is claimed that "this estate represents accumulations of pension payments which

are beyond reach of creditors under Federal laws. Because Mary T. Lewis is a dependent, incompetent child of a United States military service veteran," and her whole estate consists of monthly pension payments received by the guardian.

Counsel cites 49 Stat. at L. p. 609 (38 USCA, § 454a), approved August 12, 1935, amending the world war veterans act of 1924, and providing that:

"Payments of benefits due or to become due shall not be assignable, and such payments made to, or on account of, a beneficiary under any of the laws relating to veterans shall be exempt from taxation, shall be exempt from the claims of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

Previous to that amendment the exemption did not cover the pension after receipt thereof by the beneficiary. The very purpose of a pension, such as in this case, is to provide support for the beneficiary and, in this proceeding for reimbursement, the State, under the statute, is asking no more than the pension was given to provide.

We are not here concerned with actions by creditors seeking to turn the pension to satisfaction of their demands, but only with the question of reimbursement of the State for care and maintenance. Certainly the pension protective law does not intend the fund for the welfare of the beneficiary and then, under restrictions thereof, after receipt by the beneficiary, prevent employment thereof for care and support of the pensioner.

At the time the guardian of the pension beneficiary received the pension money she was a ward, not only of the probate court but, as well, upon her commitment for hospitalization, a ward of the

State. The State asks no more than the guardian was, in duty and of necessity, obligated to provide by way of support, care and maintenance of the ward.

The State, under humanitarian legislation, has assumed the care and maintenance of the insane pension beneficiary and, by statute, has provided means and measures for reimbursement and we do not think that, under such circumstances, Congress intended to consider the State in the class of barred creditors. The exemption in the pension law serves its purpose in holding that in the hands of the guardian and under order of the court, of which the beneficiary is a ward, the money is not exempt from employment in reimbursing the State, under statutory provisions, for the expense of care and maintenance of the ward.

It seems to be a question without guiding precedent in this jurisdiction and applicable precedent elsewhere has not been brought to our attention.

Plaintiff is entitled to have reimbursement from August 28, 1923.

The order of the circuit court is reversed and the proceeding remanded for entry of an order in accordance with this opinion.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.