(No. 35450.—

THE DEPARTMENT OF PUBLIC WELFARE, Appellant, *vs.*
JOHN SEVCIK, Conservator, Appellee.

*Opinion filed January 22, 1960.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA GROVES, and THEODORE G. MAHERAS, Assistant Attorneys General, of counsel,) for appellant.

EUGENE R. WARD, of Chicago, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The Department of Public Welfare of the State of Illinois filed a petition in the probate court of Cook County, seeking to obtain payment from John Sevcik, Conservator of Paul Sevcik, an incompetent, for certain accrued charges for care and maintenance of the incompetent, a patient confined to the Elgin State Hospital. By its petition the Department sought to recover accrued charges and to obtain a continuing order that would compel the conservator to

pay monthly charges computed pursuant to statutory authorization for care and treatment of the incompetent.

The conservator resisted the petition and claim of the Department on the grounds that the only assets of the conservatorship were funds received as proceeds of veteran's pension checks exempt from the claim of any creditor under Federal law applicable to veterans' benefits.

It was established that the only estate in the hands of the conservator consisted of cash on deposit in a bank and United States Government bonds. It is uncontroverted that this estate was accumulated solely from veteran pension benefits.

The probate court by its order allowed the claim, exclusive of certain exemptions permitted by the rules and regulations of the Department.

On appeal to the circuit court, that court held the cash was exempt from the claim of the State as proceeds of veteran's benefits but that the United States Government bonds were an investment, not exempt, and the claim was allowed to the extent of the face value of the bonds less the $500 exemption permitted by the regulations of the Department.

The Department of Public Welfare prosecutes this appeal to reverse the order of the circuit court in so far as the same held the cash in the bank to be exempt. This court has jurisdiction on direct appeal because the State has an interest and because public revenues are involved.

No cross appeal was filed by the conservator as to that portion of the order relating to the nonexempt status of the United States bonds. Indeed, both parties now here concede that that portion of the circuit court order was correct. Thus, the only question presented by this appeal is whether the bank account, composed solely of the proceeds of the pension, is exempt from the claim of the State for payment of charges assessed under the Mental Health Act.

Section 3101 of title 38 of United States Code, Ann.,

in so far as the same is here applicable, provides that "Payments of benefits due or to become due under any law administered by the Veterans' Administration * * * shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

This exemption, as the same now exists, is the same as prior statutory language found in former sections 454a and 454. Thus, the prior cases, although decided before the effective date of the present act, would, nevertheless, be applicable to the present question.

It has been held that the exemption or immunity is not lost to the veteran when he deposits the Government warrant or check in a bank to be collected and credited in the usual manner. The exemption is operative until the money is either invested or expended. *Lawrence* v. *Shaw,* 300 U.S. 245, 81 L. ed. 623.

Bank deposits of veterans' benefits have been held to be exempt from attachment by a judgment creditor. (*Williams* v. *United States Fidelity & Guaranty Co.* (D.C. cir.) 107 F.2d 210.) A bank deposit composed solely of veteran's pensions received by the defendant from her deceased husband was held to be exempt from her creditors in the case of *Surplus* v. *Remmele,* 87 N.Y.S.2d 651. See also *In re Cervantes,* 22 N.Y.S.2d 116, and *In re Bowen,* 141 Ohio St. 602.

The Department of Welfare here concedes that Veterans' pension funds on deposit in a bank are not subject to attachment, levy or seizure by a general creditor. It is the contention of the Department, however, that a claim for subsistence charges or medical care was not meant to be excluded. Such charges, it is asserted, are for "those necessaries without which the incompetent could not subsist" and, therefore, subject to a different classification. Cited in support of this proposition are the following

cases: *In re Shinberg,* 76 N.Y.S.2d 334; *In re Simpson,* 61 N.Y.S.2d 529; *In re Cerello's Estate,* 281 N.Y.S. 599; *In re Murphy's Committee,* 237 N.Y.S. 448; *In re Guardianship of Remowski,* 3 Wis.2d 133, 88 N.W.2d 22; *In re Todd's Estate,* 243 Iowa 930, 54 N.W.2d 521, and *In re Lewis's Estate,* 287 Mich. 179, 283 N.W. 21.

The reasoning in support of these cases is well illustrated by the following language from the opinion of the Supreme Court of Michigan in *In re Lewis' Estate,* 287 Mich. 179, 186, 283 N.W. 21. 24:

"The very purpose of a pension, such as in this case, is to provide support for the beneficiary and, in this proceeding for reimbursement, the state, under the statute, is asking no more than the pension was given to provide.

"We are not here concerned with actions by creditors seeking to turn the pension to satisfaction of their demands, but only with the question of reimbursement of the state for care and maintenance. Certainly the pension protective law does not intend the fund for the welfare of the beneficiary and then, under restrictions thereof, after receipt by the beneficiary, prevent employment thereof for care and support of the pensioner.

"At the time the guardian of the pension beneficiary received the pension money she was a ward, not only of the probate court but, as well, upon her commitment for hospitalization, a ward of the state. The state asks no more than the guardian was, in duty and of necessity, obligated to provide by way of support, care and maintenance of the ward.

"The state, under humanitarian legislation, has assumed the care and maintenance of the insane pension beneficiary and, by statute, has provided means and measures for reimbursement and we do not think that, under such circumstances, congress intended to consider the state in the class of barred creditors. The exemption in the pension law serves its purpose in holding that in the hands of the

guardian and under order of the court, of which the beneficiary is a ward, the money is not exempt from employment in reimbursing the state, under statutory provisions, for the expense of care and maintenance of the ward."

This is a question of first impression in this State and we have given it our very careful attention. We have reached the conclusion that the above provision of the United States Code was not intended to, and does not, render pension funds exempt from the claim of the State for the support and maintenance of the veteran. The very purpose of the pension is to provide support for the veteran and it would be unrealistic to suppose that Congress intended that pension funds in the hands of a conservator can not be reached for that purpose.

The order of the circuit court denying the State's claim against the veteran's funds on deposit in the bank is reversed and the cause is remanded to the circuit court of Cook County with directions to enter an order allowing said claim against said funds.

*Reversed and remanded, with directions.*