**John Navickas, Collection Supervisor, Family Court, Cook County, and Seymour F. Simon, Cook County Commissioner, Claimants-Appellees, v. Lawrence Hall, Inc., Guardian, Respondent-Appellant.**

**Gen. No. 51,782.**

First District, First Division.

June 26, 1967.

Notz, Craven, Penner, Maloney & Price, of Chicago (Edward U. Notz, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis, Chief of Civil Division, Ronald Butler and Donald J. Veverka, Assistant State's Attorneys, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this action the Collection Supervisor of the Family Court, Cook County, filed a petition seeking to recover from Frank Clements, Executive Director of Lawrence Hall, the sum of $461.66 received for the care of Benedict Boryszewski, a dependent. The trial judge entered an order upon Lawrence Hall, Inc., to deliver to the Clerk of the Court the sum of $461.66, "such funds being those Social Security funds which are reimbursements to the Cook County Commissioners for monies expended on

Benedict Boryszewski." Lawrence Hall appealed directly to the Supreme Court from this order alleging that public revenue was involved and that Court transferred the appeal to this court.

On January 31, 1964, Benedict Boryszewski, a minor, was adjudged a dependent ward of the Family Court, and the Cook County Commissioners were ordered to pay $70 a month to the Head of the Temporary Care Department of the Family Court, as guardian for the minor. On April 10, 1964, the guardianship was vacated and Frank L. Clements, Executive Director of Lawrence Hall (also known as Lawrence Hall Home for Boys and Lawrence Hall, Inc.), a private agency, was appointed guardian and the payments of $70 a month continued. Lawrence Hall applied to the Social Security Administration for survivor's benefits which had accrued after the death of Mrs. Boryszewski, and in September 1964, received $563 in accrued Social Security payments.

In order to receive compensation for children placed by the Court, private agencies such as Lawrence Hall submitted a Cook County Invoice, which showed among other things the name of the child involved, the number of days care and the amount due. Attached to this invoice was an affidavit wherein an agent of the institution swore that "all sums received on behalf of children under care in the form of benefits resulting from Old Age and Survivor's Insurance . . . have been deducted. . . ." Normally, any deductions such as Social Security benefits received on behalf of a child were shown on the face of the invoice. A case work director for Lawrence Hall testified that it was standard operating procedure to credit the Family Court with the Social Security benefits that were received. Frank L. Clements testified that the deduction of Social Security payments was done routinely without his express authority and that, "When I discovered it, I had it discontinued."

In the latter part of September 1964, Lawrence Hall submitted an invoice to the County for reimbursement for care of several minors including the Boryszewski boy. This invoice showed a Social Security deduction for a Paul Myers but not for Boryszewski, although the Agency had received the lump sum of $563 at the time. Attached to this invoice was an affidavit by the Director of Lawrence Hall swearing that "all sums received on behalf of children under care in the form of benefits resulting from Old Age and Survivor's Insurance . . .. have been deducted. . . ." In October the claimants became aware of the fact that Lawrence Hall had received Social Security benefits on behalf of Benedict Boryszewski and brought this action. The trial judge held that Lawrence Hall had, contrary to law, failed to reimburse the Cook County Commissioners for receipt of the Social Security funds and Lawrence Hall appeals from that judgment order and seeks to tax the petitioners with "costs including costs of appeal."

Lawrence Hall contends that the disposition of Social Security benefits are controlled by Federal Regulations and the standards set for proper disposition were met. Further that monies received by a private institution on behalf of a child for whom the institution is providing care, support and maintenance, are cloaked with immunity from enforced payment as reimbursement for funds previously or currently provided by a public fund. It is also Hall's position that such reimbursement is an impossibility since the specific funds no longer exist in that they have been expended and Hall should not have to reach into its own pockets to repay the County or to replenish the Boarding Fund.

The applicable statutes (Ill Rev Stats 1963, c 23, §§ 2019, 2033) provided that:

2019 . . . the court may enter an order upon the County to pay such amount of money as may be nec-

46

essary for the care and support of the child, not to exceed the sum of $70.00 per month . . .

. . . . . .

Every County Board shall provide . . . payments for the care and support of dependent, neglected and delinquent children placed under the guardianship of a child placing agency, . . . ; which appropriation shall be deemed a separate fund into which shall be paid not only the monies appropriated by the County Board, but also all reimbursements by the parents, other relatives and by the State.

. . . . . .

2033. If it shall appear, upon the hearing of the cause that the parent, parents, or any person or persons named in such petition who are in law liable for the support of such child, are able to contribute to the support of such child, the court shall enter an order requiring such parent, parents, or other persons to pay the guardian so appointed or to the institution to which such child shall be committed, a reasonable sum from time to time for the support, maintenance or education of such child. . . .

At the time Hall accepted the appointment by the court to act as the guardian of the dependent, and for the preceding two years, Hall knew it was the policy of the County that when there were other funds available the County should be reimbursed up to the amount it contributed so that these funds would be available for its responsibilities to other minors. To effectuate this policy agencies like Hall were required, when submitting their invoices, to attach affidavits stating that monies received by the agency had been deducted from the amounts requested from the County. Hall complied in this policy by routinely deducting Social Security payments from the amounts requested from the County for at least two years. In sum the County agreed to pay $70 monthly and did not

47

apply for Social Security benefits, but permitted its guardian to do so under the general arrangement that the guardian would credit the County for any such sums received up to the amount of the County's obligation. Under these circumstances we believe the trial judge correctly held that Hall violated its obligation to the County in the Boryszewski account.

■■ We see no merit to the contentions that under the policy arrangement between the parties a private institution, such as Hall, is cloaked with immunity from enforced payment as reimbursement for funds currently or previously provided by a public fund, or that section 2019 does not include private institutions in the language "parents" and "other relatives." We agree with the respondent that the primary effect of statutory construction is to ascertain and give effect to the intent of the legislature, and we believe the trial court correctly construed the entire statute with that in mind. When Hall was appointed as guardian it accepted the policy arrangement and was also obligated under section 2019 to credit Social Security payments received when it applied for funds under the Statute. Hall failed to set forth the credit in the affidavit supported invoice, which did however include Social Security credits for another dependent, and by its defense in the matter it appears that Hall deliberately withheld the information contrary to its contractual obligation.

Hall maintains that the County of Cook is precluded from recovering the Social Security funds due to controlling federal statutes and regulations. In Department of Public Welfare v. Sevcik, 18 Ill2d 449, 164 NE2d 10, the Department of Public Welfare sought to obtain payments from a conservator of an incompetent for certain accrued charges for care and maintenance of the incompetent. The conservator resisted the claim on the grounds

that the only assets were funds received as proceeds of veteran's pension checks which were exempt from the claim of any creditor under the Federal Law applicable to veteran's benefits. The Circuit Court held against the claim with respect to cash accumulated from pension funds. The Supreme Court reversed quoting language from In re Lewis' Estate, 287 Mich 179, 186, 283 NW 21, 24, which we think is appropriate here and controlling.

> The very purpose of a pension, such as in this case, is to provide support for the beneficiary and, in this proceeding for reimbursement, the state, under the statute, is asking no more than the pension was given to provide.
>
> We are not here concerned with actions by creditors seeking to turn the pensions to satisfaction of their demands, but only with the question of reimbursement of the State for care and maintenance. Certainly the pension protective law does not intend the fund for the welfare of the beneficiary and then, under restrictions thereof, after receipt by the beneficiary, prevent employment thereof for care and support of the pensioner. Dept. of Public Welfare v. Sevcik, 18 Ill2d 449, 452, 164 NE2d 10.

As stated in Sevcik it would be unrealistic to suppose that Congress intended that pension funds in the hands of a conservator cannot be reached for that purpose. There, as in this case, accrued expenditures for care and maintenance of a public charge were involved.

■ Other grounds are urged for reversal, but we consider it unnecessary to pass upon them as the grounds already considered are decisive of the issues. A reviewing court will not consider questions or contentions which we deem not essential to the determination or final disposition of the case before it. ILP, Appeal and Error, § 632.

Accordingly, the judgment of Juvenile Division of the Circuit Court is affirmed.

Judgment affirmed.

MURPHY, P. J. and ADESKO, J., concur.