ADELINE TOMAN, Plaintiff-Appellant, *v.* LIBBIE SVOBODA, Defendant-Appellee.

(No. 55222; ■■■■■■■

First District—February 17, 1972.

Grill and Alfassa, of Chicago, (Donald L. Johnson, of counsel,) for appellant.

Barclay, Damisch & Sinson, LTD., of Chicago, (John W. Damisch and Loretta C. Didzerekis, of counsel,) for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff brought this action to set aside the transfer of certain securities. She charged that during their marriage, her deceased husband transferred securities worth $20,000 into joint tenancy with his mother and defendant, his sister. After the death of his mother, the decedent registered the securities in his name and the name of defendant, as joint tenants with the right of survivorship. Plaintiff claims that the sole purpose of these transactions was to defeat her marital rights in the property. Prior to trial, both sides moved for summary judgment. After examining pleadings, affidavits, the parties' depositions, and hearing oral argument, the trial judge denied plaintiff's motion and allowed defendant's motion for summary judgment. This appeal follows.

Plaintiff, in her complaint, alleged that the stock was transferred into joint tenancy with defendant without plaintiff's knowledge and consent. The complaint further alleged that her deceased husband had possession of the stock at all times and that the dividends derived

therefrom were used by him for his benefit and the benefit of plaintiff. She also charged that the deceased stated to her on several occasions that the securities, which constituted nearly all of his personal property, would pass to her upon his demise.

Defendant, in her answer, denied that the deceased had possession of the stock, that he used the dividends for his personal benefit, that the sole purpose of the creation of the joint tenancy was to defeat plaintiff's marital rights and that the transfer was made without plaintiff's knowledge and consent. Defendant also claimed that, by reason of the joint tenancy, plaintiff could claim no interest in the securities.

In response to plaintiff's request to admit facts and the genuineness of documents, defendant admitted the history of the ownership of the securities. According to the record, the deceased purchased stock in three companies, the first purchase taking place in 1930. Most of the stock, however, was purchased after his marriage in 1946. By means of stock splits, conversions and new purchases, the shares multiplied. In 1956, the deceased placed all of the shares in the three companies in joint tenancy with his mother and sister. A year later, the mother's name was removed from the registration.

During defendant's discovery deposition, however, she insisted that the stock was at all times in her mother's name as well as her brother's name. She stated that her name was placed on the stock only after her mother's death in 1957. She also stated that she had possession of the stock certificates at all times and that, in 1921, she had given her brother about $1200 to invest in the stock market. This was nearly ten years prior to his first stock purchase. Defendant further stated that the stock was purchased with the proceeds from the sale of her parents' home in 1942; she did not know the amount of those proceeds. She said that her brother gave her the stock as a gift, but the dividends were never reported on her tax returns. During her deposition, defendant also stated that the dividend checks were sent to her home because the deceased did not want plaintiff to know about the stock.

During plaintiff's deposition, she stated that she knew that her husband owned stock before their marriage and that she thought that it was purchased by him as a result of his employment. Plaintiff stated that she did not learn of the joint tenancy until after her husband's death. During their marriage, she did not discuss the ownership of the stocks with him. The only other property which the deceased owned, according to plaintiff, was the family home held in joint tenancy with plaintiff. There also was a $200 insurance policy. Her husband died in 1967.

Defendant, in her affidavit, stated that the stock was purchased with funds from a joint bank account held by the deceased and their mother

plus money which defendant had contributed. She also stated that the dividends received were used to purchase additional shares of stock. In plaintiff's affidavit, she stated that deceased told her that he owned stock purchased with his own funds, that the stock was listed on their joint tax returns, and that she was never informed that defendant or her mother had any interest in the securities. The trial judge, in granting defendant's motion for summary judgment, stated that there were no disputed issues of fact, and that, as a matter of law, there was no evidence of fraud upon plaintiff's marital rights.

■■ Under Section 57(3) of the Civil Practice Act, (Ill. Rev. Stat. 1971, ch. 110, par. 57(3)), a party is entitled to summary judgment "if the pleadings, depositions, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." In determining whether there is a genuine issue as to any material fact, the court may draw inference from the facts which are not in dispute. If fairminded persons could draw different conclusions from the facts, a triable issue exists which must be submitted to the trier of fact. *Ruby v. Wayman,* 99 Ill.App.2d 146, 240 N.E.2d 699.

■■ It is so well settled as not to require citation of authority that a husband has the absolute right to dispose of his property during his lifetime without the concurrence of his wife, provided that the transaction is free from circumstances of fraud upon the rights of the wife. We also recognize that transfers or conveyances made on the "eve" of marriage are deemed *prima facie* fraudulent, but that this rule is not applicable to transfers made during marriage. *Lill v. Lill,* 18 Ill.2d 393, 164 N.E.2d 12.

■■ In the instant case, however, we believe that a genuine issue of material fact was created as to whether the security transfers were made by the husband to defraud plaintiff of her marital interest in the property. The deceased husband owned stock in his own name, some of which was acquired prior to his marriage and some during the marriage. In 1956 he registered the securities in joint tenancy with his mother and sister. The husband continued to use the dividends as his own, and these dividends were listed on the joint tax returns filed wth plaintiff. Plaintiff maintained that the deceased purchased the securities with his own money, and that the deceased informed her that the securities would pass to her upon his death. Most significantly, defendant, during her deposition, stated that deceased had arranged to have the dividend checks mailed to defendant's home to prevent plaintiff from learning about the stock. Without in any manner commenting on the validity of the cause of action, we hold that a triable issue of fact exists as to

whether plaintiff's marital rights in the property were defeated by fraud.

We find that the trial court properly denied plaintiff's motion for summary judgment, but that it erred in allowing defendant's motion for summary judgment. The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McGLOON, P. J., and DEMPSEY, J., concur.